UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEBASTIAN COBO GALLEGO,

Petitioner,

v.

TONYA ANDREWS,

Defendant.

No. 1:26-cv-07084-DAD-SCR (HC)

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT

(Doc. Nos. 2, 3, 4)

On September 3, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus, motion to proceed *in forma pauperis*, motion for temporary restraining order, and motion to appoint counsel. (Doc. Nos. 1, 2, 3, 4.) In the petition, petitioner alleged that he has been in Immigration and Customs Enforcement ("ICE") custody since June 13, 2026, was granted voluntary departure with a deadline to voluntarily depart the United States by August 24, 2026, and he missed that deadline because the government failed to facilitate his departure. (Doc. No. 1 at 2, 6.) On September 4, 2026, the court issued an order setting a briefing schedule on the pending motion for temporary restraining order. (Doc. No. 6.) On September 9, 2026, respondent filed an opposition stating that petitioner's voluntary departure deadline was extended to October 5, 2026, but respondent was unable to obtain a copy of documentation to support this statement by the opposition deadline set by the court. On September 11, 2026, the court issued an order directing respondent to file supplemental briefing that: (1) addressed why petitioner did not

voluntarily depart the United States by August 24, 2026 despite being in ICE custody at that time; and (2) included a copy of the documentation that reflected petitioner's voluntary departure date as having been extended to October 5, 2026. (Doc. No. 9.)

On September 16, 2026, respondent filed a response to the court's order. (Doc. No. 11.) Therein, respondent stated that "[a]s to why departure did not occur by August 24, 2026, while petitioner remained in DHS custody, DHS has not authorized disclosure of operational specifics at this time." (*Id.* at 1.) Respondent also provides a copy of the Form I-210 which provides that petitioner's voluntary departure deadline has been extended to October 5, 2026. (Doc. No. 11-1 at 1.) Respondent also provided documentation indicating that petitioner was released from ICE custody on September 11, 2026, apparently to facilitate his own voluntary departure from the United States. (Doc. No. 11-2 at 1.)

Courts have "an independent duty to consider *sua sponte* whether a case is moot[.]" *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing *Dittman v. California,* 191 F.3d 1020, 1025 (9th Cir.1999)). "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "A claim is moot if it has lost its character as a present, live controversy." *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir. 1984). In the immigration context, "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007).

Here, a review of the pending petition reveals that petitioner has only challenged the legality of his detention. (Doc. No. 1.) Further, petitioner seeks either release from custody or a bond hearing before an immigration judge. (*Id.* at 17.) Accordingly, the court concludes that petitioner's petition is now moot as a result of his release from ICE detention and that a live case or controversy is no longer presented by the petition filed in this action. *Trejo Gomez v. Blanche*, No. 2:26-cv-02385-CDS-DJA, 2026 WL 2687220, at *1 (D. Nev. Sept. 10, 2026) (dismissing petition as moot where petitioner was released from custody); *Lucero Lopez v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-03402-KES-CDB (HC), 2026 WL 2667340, at *2 (E.D. Cal. Sept.

10, 2026) (citing cases and dismissing petition seeking identical relief as moot after petitioner was released from custody).

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DISMISSED without prejudice as having been rendered moot by petitioner's release from ICE custody;
2. Petitioner's motions to proceed *in forma pauperis* (Doc. No. 2), for a temporary restraining order (Doc. No. 3), and to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order; and
3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 2, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE